IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP L. NEAL, | ) |
| | ) Civil Action No. 2:14-cv-01093 |
| Petitioner, | ) |
| | ) |
| v. | ) United States District Judge |
| | ) David S. Cercone |
| MICHAEL C. POTTEIGER, Chairman, | ) |
| Pennsylvania Board of Probation and | ) United States Magistrate Judge |
| Parole, and the PENNSYLVANIA | ) Cynthia Reed Eddy |
| BOARD OF PROBATION AND | ) |
| PAROLE, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Respondents (ECF No. 10) be granted, that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed, and that a certificate of appealability be denied.

**II.   REPORT**

On August 8, 2014, Petitioner, Philip L. Neal, filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. At the time of his filing, he was incarcerated at the State Correctional Institution at Pittsburgh. He seeks habeas relief based on (i) the failure of the Pennsylvania Board of Probation and Parole (the "Board") to transfer his parole supervision to the State of South Carolina and (ii) the Board's decision to recommit him as a technical parole violator. As relief, he seeks an order from this Court ordering the Board "to notify [his] home State of South Carolina for initiation of [his] parole via Interstate Compact." (ECF 1 at 16). Respondents have filed a motion to dismiss requesting that Neal's first claim be dismissed for

failure to state a habeas claim and that his second claim be dismissed for mootness as Neal has been reparoled. (ECF No. 10). Petitioner has filed a Reply in opposition. (ECF No. 14).

    A.    <u>Relevant Factual and Procedural History</u>

On March 14, 2012, Neal was sentenced in the Court of Common Pleas of Washington, County, Pennsylvania, to serve two to four years for Aggravated Assault with a Deadly Weapon and a consecutive two year term for Simply Assault. (ECF No. 1). This resulted in a total sentence of three to six years to be served in a state correctional institution at inmate number KL-7406. The minimum and maximum sentence dates of this sentence are July 24, 2012 and July 24, 2015, respectively. (ECF No. 10-2, at ¶ 8).

On March 10, 2014, the Pennsylvania Board of Probation and Parole ("Board") granted Neal parole, subject to various parole conditions. (*Id*. at ¶ 9.) His approved residence upon release was the Penn Pavilion Center in New Brighton.

By decision mailed August 19, 2014, the Board recommitted Neal as a technical parole violator for assaultive behavior. (*Id*. at ¶ 10.) Neal was automatically reparoled by statute on November 2, 2014, approximately three months after he filed the instant petition. (*Id*. at ¶ 11.) Neal's approved residence was again the Penn Pavilion Center in New Brighton, Pennsylvania. Neal recently advised the Court that his current address is 1131 Pennsylvania Avenue, Monaca, PA. (*See* ECF No. 12 - Change of Address).

Neal is not currently incarcerated on his sentence at inmate number KL-7406. He is being supervised in Pennsylvania, with his parole currently set to expire on July 24, 2015. (ECF No. 10-2, at ¶ ¶ 14 - 15).

B. <u>Legal Analysis</u>

a. *Failure to State a Claim*

Neal seeks habeas corpus relief from this Court based on the Board's failure to transfer his parole supervision to the State of Carolina under the Interstate Compact for Adult Offender Supervision ("ICAOS"), 61 Pa. C.S. §§ 7101 - 7123.

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. *Learner v. Fauver,* 288 F.3d 532 (3d Cir. 2002). Neal's claim is a request for equitable relief under the ICAOS. Such request is not covered by the habeas statute. Moreover, the Court of Appeals for the Third Circuit has stated that there is no private right of action to enforce ICAOS provisions under contractual provisions. *Doe v. Pa. Bd. of Probation and Parole*, 513 F.3d 95, 105 (3d Cir. 2008). Accordingly, it is recommended that this claim be dismissed on the grounds that Neal has failed to state a claim.

b. *Mootness*

Neal also claims that the Board "arbitrarily and capriciously rescinded" his parole in retaliation for him filing a complaint based on the Board's refusal to initiate transfer of his parole to South Carolina. Respondents argue that this claim should be dismissed as moot.

The general principle of mootness derives from Article III, § 2 of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the

requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). This is because the purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *Cf. Heck v. Humphrey*, 512 U.S. 477 (1994); *Allen v. McCurry*, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); *Wolff v. McDonnell*, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom).

In this case, Neal's § 2254 petition was filed on August 15, 2014, approximately three months prior to his being reparoled on November 2, 2014. Appropriate relief in this case, where Neal challenges the Board's decision to recommit him as a technical parole violator, would be a new parole consideration by the Board. However, because Neal has received a new parole decision since the filing of his habeas petition, to the extent that the habeas petition challenges the decision of the Board to recommit him as a technical parole violator, this claim is moot. *See Williams v. PBPP*, 2008 WL 5120773 (E.D. Pa. Dec. 2, 2008) (finding claims challenging parole denials prior to the most recent denial moot); *DeFoy v. McCullough*, 2007 WL 2903922, at *5 (W.D.Pa. Sept. 28, 2007) (same), *affirmed,* 301 F. App'x 177 (3d Cir. 2008); *Smith v. Nish,* 2007 WL 1544829, at *2 (M.D.Pa. May 24, 2007) (observing that "the appropriate remedy for a successful habeas action challenging the Board's denial of parole is generally to remand the case for a new parole consideration" and pointing out that since the Board subsequently granted parole, the habeas claim appeared moot); *McCole v. PBPP,* 2006 WL 2792212, at *2  (W.D.Pa.

4

Sept. 26, 2006) (citing cases) (finding that challenges to earlier parole denials were moot and thus limiting review to the most recent parole decision).

Through the mere passage of time Neal has obtained the relief that this Court could have provided to him in habeas. The relief he sought in his amended petition is no longer of consequence to him - he no longer has the requisite "personal stake" in the outcome of the litigation. *Spencer,* 523 U.S. at 7.

C.  <u>Certificate of Appealability</u>

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253 (as amended), governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In *Slack v. McDaniel*, 529 U.S. 473, 474 (2000), the United States Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the petition for writ of habeas corpus should be dismissed for failure to state a habeas claim and as moot. Accordingly, a certificate of appealability should be denied.

**III.     CONCLUSION**

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.  It is further recommended that there is no basis upon which to grant a certificate of appealability.

In accordance with the applicable provisions of the Magistrate Judges Act (28 U.S.C. § 636(b)(1)(B) & (C)) and the Local Rules of Court, the parties are allowed fourteen (14) days after service of this Report and Recommendation to file written objections to this Report and Recommendation.  Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.


Dated: February 4, 2015

                     s/ Cynthia Reed Eddy
                     Cynthia Reed Eddy
                     United States Magistrate Judge

cc:  PHILIP L. NEAL
    1131 Pennsylvania Avenue
    Monaca, PA 15061
    (via U.S. First Class Mail)

    Chad L. Allensworth
    Pennsylvania Board of Probation and Parole
    (via CM/ECF electronic transmission)